# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry L. Moses, | Civil Action No. 9:09-2623-CMC-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sarah Brickhouse, Willie J. Duncan, Cleo White, Cliff Bufford, Raymond Carolina and New Hope Missionary Baptist Church, | **AND** **ORDER** |
| Defendants. | |

This action has been filed by the Plaintiff pursuant to Title 42 U.S.C. § 1983. The file reflects that the Complaint was filed on October 7, 2009, and the summons was issued on October 9, 2010.

The Defendants Cleo White, Cliff Bufford, Raymond Carolina and New Hope Missionary Baptist Church filed an Answer on December 9, 2009. However, there is no evidence in the file that the Defendants Sarah Brickhouse and Willie J. Duncan have ever been served with process in this case. Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f service of the summons and complaint is not made upon a defendant within one hundred and twenty (120) days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant...provided that if the Plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period."



1

Here, the time for service began to run on October 7, 2009, and the one hundred and twenty (120) day period for service provided by Rule expired on February 8, 2010. Therefore, unless Plaintiff has made proper service on the Defendants Sarah Brickhouse and Willie J. Duncan, these Defendants are subject to dismissal. **Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he is to provide the Court with proof of service on the Defendants Sarah Brickhouse and Willie J. Duncan, or present good cause to the Court for any failure to serve the Defendants, within ten (10) days of the filing of this Report and Recommendation. Failure to do so will result in these parties being dismissed as Defendants in this case.**

## Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendants Sarah Brickhouse and Willie J. Duncan, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.

In the event Plaintiff fails to submit to the Court proof of service on the Defendants Sarah Brickhouse and Willie J. Duncan, or to demonstrate good cause for having failed to do so,[1] within the time granted herein, it is recommended that these individuals be **dismissed** as party

---

[1] In the event Plaintiff has failed to serve the Defendants with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in her review of this Report and Recommendation. See e.g., Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and cf. Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) [ Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants are not served within 120 days unless good cause is shown.].



2

Defendants, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 27, 2010

Charleston, South Carolina

3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



4