IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jerry L. Moses, ) | C/A NO. 9:09-2623-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Sarah Brickhouse, Willie J. Duncan, Cleo ) | |
| White, Cliff Bufford, Raymond Carolina, ) | |
| and New Hope Missionary Baptist Church, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's complaint, filed in this court pursuant to 42 U.S.C. § 1983. The complaint alleges, *inter alia*, constitutional and state law violations in relation to a commitment and evaluation by the South Carolina Department of Mental Health. These allegations do not relate to the conditions of his confinement but rather to the events leading up to the commitment in question.

This matter was referred to Magistrate Judge Bristow Marchant pursuant to the Local Civil Rules of this Court. On April 27, 2010, Magistrate Judge Marchant entered a Report and Recommendation ("Report") that Defendants Sarah Brickhouse and Willie J. Duncan be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

On May 3, 2010, Plaintiff moved to serve Defendant Duncan by publication, which the Magistrate Judge granted. On May 13, 2010, Defendant Duncan was served with the summons and complaint, and he answered the complaint on May 26, 2010. Plaintiff has not responded to the Report's recommendation relating to Defendant Brickhouse. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the

1

responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). Therefore, for the reasons stated in the Report, the court adopts the Report as relates to Defendant Sarah Brickhouse and **dismisses her from this action without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**Venue and Referral to United States Magistrate Judge**

The current practice of the Clerk of Court is to code certain cases which include allegations of, *inter alia*, false arrest, and malicious prosecution as "prisoner petitions." This designation means that the judge assignments (both District Judge and Magistrate Judge) come from a district-wide list, versus the judge assignment being driven by the division of the Court in which judges hear "regular" civil cases.

The incident giving rise to this lawsuit occurred in Lancaster County, which is in the Rock Hill Division of this Court. Therefore, because Plaintiff complains of actions which occurred prior to and as a result of his confinement, the court finds that Plaintiff is entitled to a Rock Hill Division jury panel. Thus, the matter is more appropriately addressed in the Rock Hill Division.

Accordingly, it is ordered that this case be transferred to the Rock Hill Division. The court withdraws the reference to a United States Magistrate Judge, as all parties are represented by counsel.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON McGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 24, 2010